# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

MATTEO, INC. d/b/a NONNO'S PIZZA AND FAMILY RESTAURANT and MATTHEW BASILE, individually and as president and an owner of the aforementioned company,

    Defendants.

Civil Action No.

## COMPLAINT

Plaintiff, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin MATTEO, INC., a corporation, d/b/a NONNO'S PIZZA AND FAMILY RESTAURANT, and MATTHEW BASILE, individually, and as owner and corporate officer of the aforementioned corporation (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of

the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant MATTEO, INC., d/b/a NONNO'S PIZZA AND FAMILY RESTAURANT, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 6 Radcliffe Drive, Moosic, PA, 18507, within the jurisdiction of this court.  Defendant is engaged in a full-service restaurant business at the same address, within the jurisdiction of this court.

3. Defendant Matthew Basile ("Mr. Basile") is the president and co-owner of Nonno's Pizza and Family Restaurant.  Mr. Basile has acted as a manager, directed employment practices, and has directly or indirectly acted in the interest of Nonno's Pizza and Family Restaurant in relation to its employees at all relevant times herein.  Mr. Basile is therefore an employer of said employees within the meaning of Section 3(d) of the Act.

4. Defendants' business activities, as described, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees have been and are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act. For example, during the time period from at least August 22, 2014, through at least August 21, 2017, Defendants failed to compensate certain employees, including certain servers and chefs, who worked over 40 hours in a workweek one and one-half times their regular rate. Workweeks for many of

these employees regularly exceeded 40 hours, but these employees were paid straight-time for their overtime hours worked.

7. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to maintain employee time records for two years. 29 C.F.R. §§ 516.2(a), 516.6.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of August 22, 2014, through August 21, 2017, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional

amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after August 21, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

    (3)    In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

    FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam F. Welsh
Regional Counsel for Wage and Hour


/s/ John A. Nocito
By: John A. Nocito
PA ID#87973
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5135
(215) 861-5162 (fax)
Nocito.John@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff